|  |  |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LINWORTH LLC,<br><br>   vs.                      Plaintiff,<br><br>JGR VENTURES, et al.,<br><br>                      Defendants. | CASE NO. 03cv2510-BEN (AJB)<br><br>**ORDER Re: MOTION FOR ORDER PURSUANT TO FRCP 58(c)(2) OR FOR ORDER PURSUANT TO FRCP 4(a)(5) TO EXTEND TIME TO FILE A NOTICE OF APPEAL**<br>**(Dkt. No. 100)** |
|---|---|

Now before the Court is Linworth LLC's Motion for an order pursuant to Fed.R.Civ.Pro. Rule 58(c)(2) or for order pursuant to FRAP Rule 4(a)(5) to extend time to file a notice of appeal. The Court declines to rule on the FRCP Rule 58(c)(2) motion in view of its ruling on the alternative motion to extend the time to appeal.

Linworth LLC also moves for an extension of time to file an appeal pursuant to FRAP Rule 4(a)(5). Federal Rule of Appellate Procedure 4(a)(5) permits a district court to extend the time for filing a notice of appeal if the motion is timely and "the party shows excusable neglect or good cause." Here, Linworth LLC points to a calendaring error by its attorney to show its excusable neglect. In *Pioneer Investment Services Co. v. Brunswick*, 507 U.S. 380, 395 (1993), the Supreme Court held that the concept of excusable neglect is an equitable one, and directed courts to consider all of the relevant circumstances surrounding a party's omission. Considerations specifically identified by the Supreme Court include: the danger of prejudice to the other party, the length of delay and its potential impact on judicial proceedings, the reason for the delay and

1  whether the movant acted in good faith. *Id.* Since *Pioneer* was decided, the Ninth Circuit has
2  approved district court decisions finding excusable neglect where sophisticated attorneys missed
3  filing deadlines. *See, In re Zilog, Inc.*, 450 F.3d 996, 1006 (9th Cir. 2006) ("In *Pioneer* and *Pincay*
4  [*v. Andrews*, 389 F.3d 853 (9th Cir. 2004)], sophisticated attorneys were left off the hook after
5  missing filing deadlines."). Having now considered the *Pioneer* factors as applied to Linworth
6  LLC's circumstances, the Court finds excusable neglect and grants Linworth LLC's motion to
7  extend the time for filing a notice of appeal, pursuant to FRAP Rule 4(a)(5).
8       Therefore, Linworth LLC shall have 10 days from the date of this Order to file a notice of
9  appeal. *See* FRAP Rule 4(a)(5)(C)(no extension beyond 10 days from the date of the order
10 granting the motion for extension).
11      IT IS SO ORDERED.

13 DATED: July 30, 2007

15      Hon. Roger T. Benitez
        United States District Judge